UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KAREN ARNOUVILLE, ET AL.**     **CIVIL ACTION**

**VERSUS**     **No. 11-798**

**ANNIE H. CROWE, ET AL.**     **SECTION "I"**

## ORDER AND REASONS

Before the Court is a motion to dismiss[1] filed by defendant, Annie H. Crowe (a/k/a Annie Aureilia Stevenson, "Crowe"), pursuant to Fed. R. Civ. P. 12(b)(1). Crowe asserts that, because the parties are not completely diverse, this Court lacks subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs, Karen Arnouville, Chris Arnouville and Felicia Ray ("plaintiffs"), oppose[2] the motion. For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

This case arises out of an automobile accident that allegedly occurred on April 13, 2010, on Highway 16 in Tangipahoa Parish, Louisiana.[3] Plaintiffs allege that Crowe's negligence caused the accident, resulting in their "severe and permanent injuries."[4] Plaintiffs' complaint further alleges that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and their damages exceed the $75,000 amount-in-controversy requirement.[5] With respect to Crowe, plaintiffs' complaint states that Crowe is a resident of Arkansas and that plaintiffs are residents of Louisiana.[6]

---

[1] R. Doc. No. 17.
[2] R. Doc. No. 19.
[3] R. Doc. No. 1, ¶ VI.
[4] R. Doc. No. 1, ¶¶ VI and VIII
[5] R. Doc. No. 1, ¶ VI.
[6] R. Doc. No. 1, ¶ VI.

Crowe argues that, at the time plaintiffs' complaint was filed, she was a citizen of Louisiana.[7]  Accordingly, as Crowe and plaintiffs are citizens of the same state, she argues that the parties are not diverse and that the above-captioned matter must be dismissed pursuant to Rule 12(b)(1) because this Court lacks subject-matter jurisdiction.[8]

## LAW AND ANALYSIS

"Federal courts have limited jurisdiction, and a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the claim."  *Crawford v. United States Dept. of Homeland Sec.*, 245 Fed. App'x 369, 374 (5th Cir. 2007) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).  A federal district court has jurisdiction to hear a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" citizens of different states.  28 U.S.C. § 1332.  A motion to dismiss filed pursuant to Rule 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction carries the burden of proof.  *Id.*  The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

Before the Court is a copy of Crowe's Louisiana driver's license and her affidavit swearing that she moved to Louisiana and became a Louisiana citizen before this lawsuit was

---

[7] R. Doc. No. 17-1, p. 1.
[8] R. Doc. No. 17-1, p. 1.

filed.[9]  However, plaintiffs' complaint alleges that the parties are citizens of different states and the plaintiffs challenge whether Crowe, in fact, moved to Louisiana.  Consequently, at this time, the Court cannot resolve this factual dispute and it is unable to conclude that the Court lacks subject-matter jurisdiction with respect to this case.

Accordingly,

**IT IS ORDERED** that Crowe's motion to dismiss pursuant to Rule 12(b)(1) is **DENIED**.

**IT IS FURTHER ORDERED** that, once jurisdictional discovery has been completed, Crowe is **GRANTED** leave to file a motion for summary judgment with respect to her citizenship status if such issue remains outstanding.

New Orleans, Louisiana, October 13, 2011.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[9] R. Doc. No. 17-2.